IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
June 29, 2015 Session

IN RE ESTATE OF VIDA MAE McCARTT

Appeal from the Chancery Court for Morgan County
No. P-6-12      Frank V. Williams, III, Chancellor

No. E2014-02185-COA-R3-CV-FILED-SEPTEMBER 25, 2015

This case involves an agreement among most of the heirs of Vida Mae McCartt (Decedent) regarding the distribution of the assets of her estate. After Decedent's will was admitted to probate, five of her grandchildren filed an action to contest its validity. Following mediation, the grandchildren and Decedent's three living children entered into a settlement agreement, which the trial court approved and incorporated into an agreed order distributing the assets of the estate. Thereafter, Sara Shannon Armes, the daughter of Decedent's deceased son, J.D. McCartt, Sr., brought this action alleging that she was entitled to a share of the estate under the terms of the agreed order. Armes, who was not a party to the settlement agreement, also alleged that her siblings perpetrated a fraud by representing to the court that J.D. McCartt, Sr. had only three children and heirs at law when he actually had four, including Armes. The trial court granted the defendants' Tenn. R. Civ. P. 12.02(6) motion to dismiss for failure to state a claim upon which relief could be granted. We vacate the judgment of the trial court and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Vacated; Case Remanded**

CHARLES D. SUSANO, JR., C.J., delivered the opinion of the Court, in which D. MICHAEL SWINEY and THOMAS R. FRIERSON, II, JJ., joined.

Robert W. Wilkinson, Oak Ridge, Tennessee, for the appellant, Sara Shannon Armes.

David H. Dunaway, LaFollette, Tennessee, for the appellees, Kelly McCartt, Joe McCartt, Nancy McCartt Wilson, and Susan McCartt Collins.

Joseph H. Van Hook, Oliver Springs, Tennessee, for the appellees, G.M. McCartt and Betty Jane McCartt Newman.

1

Jack H. McPherson, Jr., Kingston, Tennessee, Administrator CTA for the estate of Vida Mae McCartt.

## OPINION

### I.

On February 2, 2012, Decedent died testate at the age of 102. Decedent had five children: Betty Jane McCartt Newman, Mary Elizabeth McCartt Sanders, G.M. McCartt, A.K. McCartt, and J.D. McCartt, Sr. When she executed her will on May 18, 1994, her son, A.K. McCartt, was deceased. The will bequeathed $5,000 to each of the two children of A.K. McCartt, *i.e.*, Kelly McCartt and Ginger McCartt West. To J.D. McCarrt, Sr., who died after the will was executed, the will bequeathed a mobile home and pickup truck. The remainder of Decedent's property, including real estate holdings worth more than $1,000,000,[1] was split evenly among her three surviving children.

On February 23, 2012, a will contest action was filed by these five grandchildren: Kelly McCartt and Ginger McCartt West, children of the deceased A.K. McCartt; and Susan Collins, Nancy Wilson, and Joe McCartt, children of the deceased J.D. McCartt, Sr. (collectively, the contestants). The contestants alleged, among other things, as follows:

> That on or about February 14, 2012, a paper writing purporting to be the Last Will and Testament of Vida Mae McCartt, deceased, was admitted to probate in common form at the instance of GM McCartt, who being named the executor therein, took out letters testamentary.
>
> The legatees and devisees under said writing are:
>
> > GM McCartt
> > Betty Jane McCartt Newman
> > Mary Elizabeth McCartt Sanders
> > Kelly McCartt
> > Ginger West
> > JD McCartt Sr. (deceased survived by the [sic]
> > Susan Collins, Nancy Wilson and Joe McCartt)

---

[1] The order admitting the will to probate states that "decedent owned personal and real property in Tennessee at her death . . . worth approximately $1,651,000.00."

2

Plaintiffs assert that said instrument is not the Last Will and Testament of Vida Mae McCartt, deceased, because she was . . . of unsound mind at the time said paper was executed and she was incompetent to make a valid Will. Moreover, Vida Mae McCartt, was unduly influenced to make the Last Will and Testament by GM McCartt.

\*      \*      \*

[The contestants] are the grandchildren of Vida Mae McCartt, deceased. If the purported Last Will and Testament is not the valid Last Will [and] Testament of Vida Mae McCartt, then [contestants] will share proportionately in all real estate owned by Vida Mae McCartt.

(Numbering in original omitted.)

On November 20, 2012, the trial court entered an agreed order distributing the assets of the estate and stating in pertinent part as follows:

[T]he parties . . . participated in mediation on September 24, 2012 and executed an agreement resolving all issues between the parties. The mediated agreement has been filed with the Court and is incorporated herein by reference.

\*      \*      \*

[T]he real properties which were vested in Vida Mae McCartt as of the death of J.H. McCartt in 1989 are vested in the parties as tenants in common in the following proportion:

Betty Jane Newman 1/5
Mary Elizabeth Sanders 1/5
GM McCartt 1/5
The heirs of A.K. McCartt (Kelly McCartt & Ginger McCartt) 1/5
The heirs of JD McCartt (Joe McCartt, Susan Collins & Nancy Wilson) 1/5

\*      \*      \*

3

[A]ll deeds which were executed by or on behalf of Vida Mae McCartt transferring parcels of real property to GM McCartt, Betty Jane Newman, and Mary Elizabeth Sanders, are hereby set aside. G.M. McCartt, Betty Jane Newman and Mary Elizabeth Sanders shall execute deeds vesting title in these parcels of real property in the parties as tenants in common in the following proportion:

Betty Jane Newman 1/5
Mary Elizabeth Sanders 1/5
GM McCartt 1/5
The heirs of A.K. McCartt (Kelly McCartt & Ginger McCartt) 1/5
The heirs of JD McCartt (Joe McCartt, Susan Collins & Nancy Wilson) 1/5

\* \* \*

That all assets of the estate shall be divided in equal shares among the parties in the following proportion:

Betty Jane Newman 1/5
Mary Elizabeth Sanders 1/5
GM McCartt 1/5
The heirs of A.K. McCartt (Kelly McCartt & Ginger McCartt) 1/5
The heirs of JD McCartt (Joe McCartt, Susan Collins & Nancy Wilson) 1/5

\* \* \*

[F]rom the net proceeds payable to GM McCartt and Betty Jane Newman as their proportionate share of real property sold at auction, the sum of $65,000.00 shall be withheld from their net proceeds and paid over to Mary Elizabeth Sanders, the heirs of AK McCartt and the heirs of JD McCartt, as follows:

Mary Elizabeth Sanders     $15,000.00
AK McCartt Heirs           $25,000.00

4

JD McCartt Heirs          $25,000.00

*    *    *

> [I]f any claims are filed by individuals asserting an interest as an illegitimate child of JD McCartt, then the heirs of JD McCartt agree to indemnify and hold harmless all other heirs of Vida Mae McCartt from any claims which may be pursued by purported heirs at law of JD McCartt.

(Numbering in original omitted.)

On November 4, 2013, Armes filed the complaint in the instant action, alleging in pertinent part as follows:

> On February 23, 2012 a Complaint to Contest Will was filed with this honorable Court in behalf of several of the decedent's grandchildren. In the Complaint, it is asserted that J. D. McCartt, Sr., one of Vida Mae McCartt's children, predeceased his mother and left surviving him three (3) children, Susan Collins, Nancy Wilson, and Joe McCartt. In fact, J. D. McCartt had four (4) children, one of whom is Sara Shannon Armes.
>
> Pursuant to Final Order dated December 7, 2004, in the matter styled *In re: Estate of Joseph D. McCartt,* docket number P-14-02, this honorable Court determined that Sara Hickman (now Sara Armes) is the daughter of Joseph D. McCartt. A copy of the Final Order is attached hereto and made a part hereof. Further, pursuant to Final Settlement of Administrator dated March 1, 2005, Sara Hickman (now Sara Armes) was entitled to a child's share of the residuary estate of her father, equal to that of Susan V. Collins, Joseph D. McCartt, Jr., and Nancy K. McCartt.
>
> On November 20, 2012 an Agreed Order was entered in this cause of action which approved and incorporated a mediated agreement. This Agreement resolved the issues between the parties relative to the will contest and determined that the heirs of J. D. McCartt should receive a twenty percent (20%) interest in certain liquid assets . . . and certain specified real

5

property from the Estate of Vida Mae McCartt, deceased. The heirs of J. D. McCartt are listed as Joe McCartt, Susan Collins, and Nancy Wilson.

Sara Shannon Armes avers that she, by law, should be included as an heir of J. D. McCartt and therefore entitled to one-fourth (1/4) of the distribution of assets passing to the heirs of J. D. McCartt.

Sara Shannon Armes further avers that Joe McCartt, Susan Collins, and Nancy Wilson have perpetrated a fraud on this honorable Court by asserting that J. D. McCartt had only three (3) heirs-at-law when each and every one of them knew that J. D. McCartt had four (4) heirs-at-law.

PREMISES CONSIDERED, PETITIONER RESPECTFULLY REQUESTS

\* \* \*

That upon a hearing in this cause, this Court determine that Sara Armes is entitled to receive an equal share of the distribution of assets passing to the heirs of J. D. McCartt from the estate of Vida Mae McCartt.

Further that the Court award damages to Petitioner as a result of the fraud of Joe McCartt, Susan Collins, and Nancy Wilson.

(Numbering omitted; italics and capitalization in original.) Attached to the complaint was a copy of the final order of the Morgan County Chancery Court in the matter of J.D. McCartt's estate, entered on December 8, 2004, stating:

This cause came to be heard . . . upon the Petition for Elective Share filed by [Armes], the Answer filed in behalf of the estate [of J.D. McCartt, Sr.], the testimony of witnesses, [and] the Parentage Testing Report from Molecular Pathology Laboratory Network, Inc., a copy of which is attached hereto and made a part hereof, and the record as a whole from all of which the Court finds as follows:

6

> Based on the proof introduced in this cause, the Court is of the opinion that [Armes] is the daughter of the decedent, J. D. McCartt.

The results of the DNA test referenced by the court's order established a 99.9586% probability that Armes is the daughter of J.D. McCartt, Sr.

The contestants filed a motion to dismiss Armes' complaint for failure to state a claim upon which relief could be granted, pursuant to Tenn. R. Civ. P. 12.02(6), in which they asserted,

> The Complaint should be dismissed on the basis [of] *Res Judicata*.  The original litigation is a will contest and an *In Rem* proceeding.  A Final Order has been entered and it is a conclusive adjudication upon all heirs; and Sara Shannon Armes is bound[] by the ruling.
>
> At best, any claim of Sara Shannon Armes is limited to the next of kin of J.D. McCartt and has no impact, whatsoever, and fails to state a claim as to any other heirs, other than Joe McCartt, Susan Collins and Nancy Wilson; and it fails to state a claim even as to those three heirs.

(Italics in original.)   Betty Jane Newman and G.M. McCartt also filed a motion to dismiss, arguing that "Armes' lawsuit is in the nature of a lawsuit to contest the will; or more specifically the probation of the will," and because "Armes did not join in the original lawsuit to contest the will, (which she should have under the law), she is bound by the ruling in the previous lawsuit, and her current petition must fail, and must be dismissed."

The trial court granted the respective motions.  In the order, the court stated only that "the complaint is dismissed for failure to state a cause of action upon which relief can be granted."  Armes timely filed a notice of appeal.

II.

7

The issue presented is whether the trial court correctly dismissed the complaint under Tenn. R. Civ. P. 12.02(6) for failure to state a claim upon which relief could be granted. Our standard of review is as stated by the Supreme Court:

> A Rule 12.02(6) motion challenges only the legal sufficiency of the complaint, not the strength of the plaintiff's proof or evidence. The resolution of a 12.02(6) motion to dismiss is determined by an examination of the pleadings alone. A defendant who files a motion to dismiss admits the truth of all of the relevant and material allegations contained in the complaint, but asserts that the allegations fail to establish a cause of action.
>
> In considering a motion to dismiss, courts must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences. A trial court should grant a motion to dismiss only when it appears that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief. We review the trial court's legal conclusions regarding the adequacy of the complaint de novo.

***Webb v. Nashville Area Habitat for Humanity, Inc.***, 346 S.W.3d 422, 426 (Tenn. 2011) (internal citations, quotation marks, and ellipsis omitted).

## III.

According to the transcript of the motion hearing, the trial court found and held in pertinent part as follows:

> All I got was a mediated agreement, but I've yet to hear anything that would make out a cause of action against the Estate of Vida Mae McCartt by the heirs of J. D. McCartt.
>
>           \*       \*       \*
>
> I don't think [Armes is] estopped. I don't – I don't know that she's time bound. . . . I think in terms of the statute of limitations that – that if there's been something wrong done to her thus far, that the date on which she gained knowledge of that would – might be, I'm not saying would be, but I

8

would want to see some law on it, a determinative factor insofar as when she had – how long she had to file suit. But I'm inclined to think that . . . the complaint does not state a cause of action.

\* \* \*

And at this point, there's nothing stopping the Plaintiff. I don't think she can bring the suit in this way, attacking the mediated agreement, because they got whatever they could by hook or by crook [but] *I don't think this stops her in any way from bringing a separate lawsuit*, because she wasn't a party to the other lawsuit. And that would be – *that part of the lawsuit, that was extraneous to the Will contest itself that resulted in the mediated agreement. And, so, it could be that she still has a lawsuit if she cares to bring it*.

\* \* \*

But at this point, I'm inclined to agree with the Defendants and hold it – the complaint does not state a cause of action for which relief can be granted. And leave it up to her at this point to decide whether or not she wants to file a – not to – to intervene or to set aside the previous lawsuit, but to file one on her own and see what the results of that might be. And I don't think that there's anything stopping her from doing that.

(Emphasis added.)

The defendants – arguing that Armes' action should be held to be time-barred – rely on a pair of decisions from this Court and an opinion from the Supreme Court. The first, *In re Estate of Sutton*, No. E2013-00245-COA-R3-CV, 2013 WL 6669385 (Tenn. Ct. App. E.S., filed Dec. 17, 2013), dealt with the attempt of an heir, who was unnamed in a first will contest that had been finally concluded, to file a second will contest. We stated:

Ms. Chennault . . . filed a Complaint to Contest Will on April 26, 2010. The complaint alleged that the will was invalid due to the Decedent's incompetency at the time it was signed and due to its procurement by undue influence or fraud. . . . On August 7, 2012, the trial court entered an order dismissing

9

Ms. Chennault's complaint "with prejudice to the refiling of same." Ms. Chennault timely appealed the dismissal of her complaint. This Court entered an Order dismissing Ms. Chennault's appeal . . .

The plaintiff in the instant will contest, Sky Sutton, filed her complaint to contest the will on April 24, 2012, alleging the same grounds as those previously attested by Ms. Chennault. The Executrix filed a motion to dismiss Ms. Sutton's complaint on May 31, 2012, arguing that Ms. Sutton was precluded from initiating a will contest proceeding by reason of the trial court's earlier dismissal of Ms. Chennault's previous will contest proceeding. . . . [T]he trial court granted the Executrix's motion to dismiss Ms. Sutton's complaint[, finding] that the previous will contest dismissal was binding on all heirs of the estate even without notice to such heirs of the prior contest's filing. *See* [*Petty v. Call*,] 599 S.W.2d 791, 793 ([Tenn.] 1980) ("In Tennessee, the right to intervene in a will contest is not accompanied by the right to notice of its filing").

\*       \*       \*

Ms. Sutton . . . argues that the trial court erred in dismissing her will contest based on the prior dismissal of Ms. Chennault's complaint because the court did not have authority to proceed in the original will contest without joining as parties all of the Decedent's heirs. The Executrix contends that because a will contest is an *in rem* proceeding, its adjudication is conclusive upon all heirs and that therefore the probate court is not required to join all heirs in a will contest proceeding. We agree with the Executrix.

\*       \*       \*

[I]t is not necessary that every heir of a decedent be made a party to a will contest proceeding in order for the trial court to determine the validity of a will. *See Petty*, 599 S.W.2d at 793-94.

2013 WL 6669385 at \*1, \*5-6 (footnote omitted).

10

In *In re Estate of Snapp*, No. E2009-00551-COA-R3-CV, 2010 WL 1924017, at *1 (Tenn. Ct. App. E.S., filed May 13, 2010), the petitioners filed a motion to intervene and stay the distribution of an estate, claiming that they were not aware of the proceedings, nor that they were heirs at law, until after the issues regarding the estate had been finally resolved. We held as follows:

> [T]the trial court held that Petitioners' claims were untimely because the claims were filed after the expiration of the one-year statute of limitation. Thereafter, Petitioners filed this appeal challenging the trial court's determination that they were creditors of the Estate and that their claims were untimely filed.

> \*     \*     \*

> Addressing this issue in *Bilbrey v. Smithers*, the Tennessee Supreme Court held:

>> [A] child born out of wedlock, whose paternity was not adjudicated prior to the death of the father, can establish the right to inherit by intestate succession by asserting that right against the estate of the deceased owner of the property in which an interest is claimed within the time allowed for creditors to file claims against the estate and by establishing paternity by clear and convincing proof.

> *Bilbrey*, 937 S.W.2d at 808.

> \*     \*     \*

> It is well settled that non-marital children claiming a share in an estate must file their claims within the one-year statute of limitations. *See Bilbrey*, 937 S.W.2d at 808; *In re Estate of Bennett*, No. E2004–02007–COA–R3–CV, 2005 WL 2333597, at *5 (Tenn. Ct. App. E.S., Sept. 23, 2005).

> \*     \*     \*

11

Further, Petitioners' contention that their cause of action did not arise until this court determined that the residuary estate would pass by intestate succession is without merit. To interpret the statute as Petitioners urge would undermine the Legislature's intent to limit claims against an estate to twelve months from the date of a decedent's death. As evidenced by the language of Tenn. Code Ann. § 30–2–307(a)(1)(B) and § 30–2–310, claims not filed within twelve months of the decedent's death are barred. *See In re Estate of Bennett*, 2005 WL 2333597, at *5; *see also In re Estate of Tanner*, 295 S.W.3d 610, 620 (Tenn. 2009) (citing *In re Estate of Luck* with approval and observing that applying the limitation of Tenn. Code Ann. § 30–2–307(a)(1)(B) "regardless of whether a representative is appointed, is the most natural interpretation of the statutory scheme.")

We agree with the trial court and hold that Petitioners were to proceed as creditors of the Estate. The statute of limitations [provides that] a creditor's claim against an estate must be filed one-year from the decedent's death.

*Estate of Snapp*, 2010 WL 1924017, at *2-5.

In the present case, the answer to defendants' reliance on *Estate of Sutton* and *Estate of Snapp* lies in a brief discussion of what Armes' lawsuit is *not*. A careful reading of her complaint shows that her action is not a second will contest. Neither is it an attack on the validity of the agreed order approving the settlement agreement, nor is it a claim against the estate. Armes asked the trial court to *interpret* the agreement and order in a manner that provides her a portion of the estate, and to *enforce and uphold* the agreement and order according to that interpretation. Specifically, Armes alleges that she is an heir of J.D. McCartt, Sr., and is "therefore entitled to one-fourth (1/4) of the distribution of assets passing to the heirs of J.D. McCartt" as provided in the agreement and order. Consequently, *Estate of Sutton* and *Estate of Snapp* are distinguishable, and the trial court correctly held that her action is not time-barred.

Defendants also argue that the outcome of this appeal is controlled by *Petty v. Call*, 599 S.W.2d 791, 796 (Tenn. 1980), in which the Supreme Court said:

A will contest may be brought by any one interested party, and all other interested parties are free to join the contestant, join the proponent, or stand aloof. Those who are cast in the

12

litigation may settle, *if they do so in good faith*, but any compromise of the contest will not inure to the benefit of the non-participating heirs, but on the other hand, if trial of the issue results in an adjudication that the will is invalid, the non-participating heirs take their respective shares of the intestate decedent's estate.

(Emphasis added.)  In this case, the record contains no indication of when Armes became aware of the will contest or the settlement agreement.  Thus, in the current posture of the case, it is impossible to say whether Armes had the opportunity to make any conscious decision whether to "join the contestant, join the proponent, or stand aloof." ***Id.***  More importantly, ***Petty*** observes that a settlement of a will contest must be done "in good faith," and we believe that the allegations of the complaint raise a legitimate issue of whether the settling heirs acted in good faith.

Armes' complaint includes a claim that her siblings defrauded both her and the trial court by representing that J.D. McCartt had only three surviving children and heirs, and not four as Armes has alleged.  Construing the complaint liberally, presuming all of Armes' factual allegations to be true and giving her the benefit of all reasonable inferences, her complaint alleges, in effect, that the settling heirs deliberately concealed Armes' existence and status as J.D. McCartt's heir, in order to purposely cut her out of the settlement agreement, despite being fully aware that she was J.D. McCartt's daughter and heir as established by a prior court order.  The Supreme Court in ***Petty*** also addressed a fraud claim that had been dismissed under Rule 12.02(6), and vacated the dismissal, allowing the claim to go forward and stating in pertinent part:

> The complaint . . . alleged that contestants knew the address and telephone number of Everett Petty and knew that he could supply the whereabouts of all other Petty heirs, if they were unknown to contestants, but that no effort was made to inform plaintiffs of the will contest or the settlement.  It is an alleged and undisputed fact that less than forty days after the settlement by exchange of deeds, the judgment in the will contest was final and conclusive against plaintiffs and effectively deprived them of any share of the estate of Cora Crabtree.  The complaint alleges that the settlement agreement and the manner in which it was consummated was a deliberate fraudulent scheme having as its purpose and design to circumvent or deprive plaintiffs of any right, title or interest in the real property in the estate of Cora Crabtree.

13

*Gibson's Suits in Chancery*, Fifth Edition, Section 980 reads in part as follows:

> "All frauds grow out of relations, and are those violations of the duties arising from relations, caused by bad faith."

Among the relations specified in the section are those imposed by "kinship, law, or social duty. . . ."

> Of course, the trier of fact may find that both contestants and proponents acted in the utmost good-faith and settled the case solely for the purpose of terminating expensive and uncertain litigation. But, in our view, plaintiffs' complaint alleges a state of facts and a fraudulent "condition of mind" that produced a result detrimental to them and beneficial to contestants and proponents, all with sufficient particularity to state a cause of action sounding in fraud.

*Petty*, 599 S.W.2d at 795 (quotation marks in original). We similarly hold that the complaint states a viable claim for fraud.

### IV.

The judgment of the trial court is vacated, and the case is remanded for further proceedings consistent with this opinion. Costs on appeal are assessed to the appellees, Kelly McCartt, Joe McCartt, Nancy McCartt Wilson, Susan McCartt Collins, G.M. McCartt and Betty Jane McCartt Newman.

_____
CHARLES D. SUSANO, JR., CHIEF JUDGE